E-FILED
Wednesday, 01 December, 2004   03:44:57 PM
Clerk, U.S. District Court, ILCD

Nov 21, 2004

Honorable Richard Mills
U.S. District Judge
U.S. District Court
151 Federal Bldg.
600 E. Monroe
Springfield IL 62701

RECEIVED
NOV 24 2004
RICHARD MILLS
U.S. DISTRICT JUDGE
IN CHAMBERS
SPRINGFIELD, IL

    Re: Usa v. Loreno Lola
    Case nos: 99-30052 and 99-30098
    Motion for Sentence Reduction.

Your Honor:

On the 25th day of October 2004, U.S. Attorney Timothy A. Bass filed the above referenced Motion wherein in Paragraph 9 States that the court May wish to schelude a hearing. Because my soul plead for your mercy and Kind heart, to receive little bit more of 30% sentence reduction!

As the defendant in these cases, I would like to have a hearing on this matter in order to inform the court of things that have transpired since my incarceration.

GoD Bless You, and Thank You in advance for your precious time and consideration.

    Sincerely,

    Martha Loreno Lola
    # 13376-026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Nos. 99-30052 & 99-30098 |
| | ) |
| MARTHA LORENO-LOLA, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR REDUCTION OF SENTENCE**

The United States of America, by its attorneys, Jan Paul Miller, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Timothy A. Bass, pursuant to Federal Rule of Criminal Procedure 35(b), moves for a reduction of the defendant's sentence in order to reward her assistance to the government, and states:

1. On June 1, 2000, this Court sentenced the defendant to consecutive terms of 120 months and 31 months imprisonment, respectively, following her guilty pleas to possession of cocaine with the intent to distribute and failure to appear, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 3146.

2. The defendant and her co-defendant, Gariella Alem, were arrested in 1999 along I-55, near Lincoln, IL, after being stopped and found in possession of two kilograms of cocaine and $40,000 in cash. Their arrest triggered an investigation into a conspiracy involving multiple kilograms of cocaine that were transported from Houston, TX to Peoria, IL. The targets of the investigation were Carlos Gonzalez, Scott

Stuyvesant, and Hal Bruninga. Gonzalez was the primary source for the cocaine, which was being transported to Stuyvesant and Bruninga in Peoria for distribution.

3. The defendant was employed by Gonzalez as a mule to transport the cocaine to Stuyvesant. She met Gonzalez through his operation of a truck repair business in Houston. According to the defendant, she agreed to transport the cocaine as a way of earning extra money. On at least two occasions, Alem accompanied the defendant on trips to Peoria.

4. Immediately after their arrest, the defendant and Alem agreed to cooperate, and both identified Stuyvesant as their contact in Peoria. Alem subsequently pleaded guilty in a timely manner. Based on a 20 percent downward departure recommendation from the government and her lack of criminal history, Alem was sentenced to 25 months imprisonment. United States v. Gabriella Alem, No. 99-30052.

5. The defendant however, made a series of very poor choices. After initially agreeing to cooperate, she was not completely truthful concerning the extent of her role and the role of others in the conspiracy. In addition, after scheduling a timely change of plea hearing, the defendant failed to appear and was arrested three months later in Texas. It was apparent, however, that her failure to appear was due to her inability to face the reality of her situation and fear of losing her son, rather than any significant effort to flee and avoid detection.

6. Following the defendant's arrest after her failure to appear, she was returned to this district and immediately pleaded guilty. Her poor choices led to the

2

use of her cooperative statements at sentencing, loss of acceptance of responsibility, and an additional charge of failing to appear. She was eventually sentenced to 120 months imprisonment on the drug charge, followed by a consecutive sentence of 31 months imprisonment for the failure to appear offense, for a total of 151 months imprisonment. The sentence on the drug offense was based primarily on drug amounts that were derived from the defendant's statements.

7. Following the defendant's guilty plea and sentencing, the issue of her credibility was resolved, and she continued to cooperate in the ongoing investigation against Stuyvesant, Bruninga, and Gonzalez. All three were eventually indicted and pleaded guilty in this district. Nos. 01-30086, 02-30013. The defendant would have been an important witness had Stuyvesant, Bruninga, or Gonzalez proceeded to trial. Although there was other evidence against each of these other defendants, the investigation would not have been successful without the defendant's cooperation. Each of these defendants, in turn, agreed to cooperate with the government and received the following downward departures and sentences: Stuyvesant (40% departure) - 66 months imprisonment; Bruninga (40% departure) - 81 months imprisonment; and Gonzalez (10% departure) - 120 months imprisonment.

8. The defendant's cooperation is now completed, part of which was not acted upon by the government within one year of the defendant's sentencing, and the government is prepared to make a departure recommendation to the Court pursuant to Rule 35(b). Accordingly, the government respectfully requests that the Court depart

3

downward from the defendant's original total sentence of 151 months imprisonment and reduce her sentence by 45 months (30%) to a revised sentence of 105 months imprisonment.

9. The Court may wish to schedule this motion for a hearing, at which the defendant would have an opportunity to appear and the government would again make its recommended departure. In the event the Court decides to conduct a hearing, the government requests that the Court schedule this matter for a hearing no sooner than 60 days from the date of the filing of this motion in order for the government to secure the defendant's appearance from the U.S. Bureau of Prisons.

WHEREFORE, the United States requests that this motion be granted.

Respectfully submitted,

JAN PAUL MILLER
UNITED STATES ATTORNEY

BY:  s/Timothy A. Bass
TIMOTHY A. BASS
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217/373-5891
tim.bass@usdoj.gov

4

## CERTIFICATE OF SERVICE

    I hereby certify that on the 25th day of October 2004, I electronically filed the Motion for Reduction of Sentence with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

    Martha Loreno Lola  
    FMC Carswell  
    J St. Bldg. 3000  
    Fort Worth, TX 76127

    s/ Timothy A. Bass  
    TIMOTHY A. BASS  
    United States Attorney  
    201 S. Vine Street, Suite 226  
    Urbana, Illinois 61802  
    Phone: 217/373-5875  
    Fax: 217/373-5891  
    tim.bass@usdoj.gov